{¶ 33} I must respectfully dissent from the majority, for I believe the approach being taken in this matter departs from fundamental constitutional guarantees prohibiting unreasonable searches and seizures. It is undisputed that police officers routinely act upon tips received from a police dispatcher. It would be unreasonable for this court to require a police officer to verify the veracity, reliability, and basis of knowledge of a tip before reacting. However, it would be equally unreasonable for this court to permit the "tipster" to remain free from inquiry as to veracity, reliability, and basis of knowledge of a tip. Yet that is precisely what has happened here. The police officer was the only person to testify at the suppression hearing, and, thus, the basis for the reasonable suspicion that supports the stop has never been examined by anyone, including the police officer, up to that time.
 {¶ 34} The Supreme Court of Ohio has adopted a "totality of the circumstances" test to evaluate the reasonableness of a traffic stop predicated upon a dispatch.[5] While I do not disagree with that standard, I am clearly troubled by its application in this matter. As stated by the Tenth District Court of Appeals:
 {¶ 35} "Reasonable suspicion is dependent upon both the content of the information provided and its degree of reliability.[6] Both the quantity of information available and its quality are examined under a totality of the circumstances approach.[7] The tip in this case plainly lacks sufficient content or quantity of information to provide any indicia of reliability. Nor was the meager information provided corroborated in any meaningful way. Merely confirming that the identified suspect actually exists is plainly insufficient, for any tip which fails to adequately describe a suspect cannot be acted upon at all. Were it otherwise, a prankster by simply picking up a phone could easily subject another to the intrusion of an investigatory stop. TheFourth Amendment surely requires more than this."[8]
 {¶ 36} Further, I believe my view is supported by the dissenting opinion in the Maumee v. Weisner case, wherein the police officer's arrest of a person suspected of drunk driving based upon a report from a police dispatcher, who in turn had received a telephone tip from a motorist, who reported that the suspect was "weaving all over the road," was upheld when challenged at a suppression hearing. The dissent in that case was of the opinion that "a telephone caller's unverified report of erratic driving does not, standing alone, provide reasonable suspicion to warrant an investigative traffic stop."[9] The dissenting opinion goes on to state that "[i]t is therefore illogical to presume that an unverified citizen's report of erratic driving is inherently reliable."[10]
 {¶ 37} In my opinion, it is not possible to establish reasonable suspicion at a suppression hearing based upon the "totality of the circumstances" where the police officer who is testifying does not personally possess the requisite facts to support a reasonable suspicion for the stop. Ideally, at a suppression hearing, the informant, albeit anonymous, identified, or confidential, must be exposed to the light of day to be questioned. It is to be remembered that so-called "anonymous" callers are "comparatively unreliable and * * *, therefore, will generally require independent police corroboration."[11]
Why, therefore, is it proper to permit an "identified" caller to trigger a series of constitutionally suspect intrusions without ever once being questioned by anyone, including the police officer making the investigatory stop, at or prior to the suppression hearing? Even though an "identified" caller may have greater "indicia of reliability"[12] than an anonymous caller, to allow his tip to proceed unchallenged during the judicial process leading up to the suppression hearing demeans the protections of the Fourth and Sixth Amendments to the United States Constitution.
 {¶ 38} In the alternative, I believe that the "totality of the circumstances" to support reasonable suspicion can be established by the arresting officer if he, as suggested by the dissent in the Weisner case, personally verifies the authenticity and accuracy of the telephone tipster and then testifies at the suppression hearing; or, if the police dispatcher testifies at the suppression hearing. These last two alternatives present substantive testimony to support reasonable suspicion for an investigatory stop, which is absent when the only testimony elicited is that of an arresting officer relying on third-hand hearsay information.
 {¶ 39} Nowhere in this record is the reliability of the tipster, who refused to testify at the suppression hearing, established. Absent testimony from the tipster, or from the police officer who has verified the authenticity and accuracy of the tip, or the police dispatcher who received the call leading up to the investigatory stop, there is no basis to conclude that there was reasonable suspicion for the stop under the "totality of the circumstances" test. To permit a citizen's Fourth andSixth Amendment rights to be violated on a record such as this is troubling, at best.
[5] Maumee v. Weisner (1999), 87 Ohio St.3d 295, 299.
[6] Alabama v. White (1990), 426 U.S. 325, 330.
[7] Id.
[8] State v. Ramsey (Sept. 20, 1990), 10th Dist. Nos. 89AP-1298 and 89AP-1299, 1990 Ohio App. LEXIS 4120, at *14-15.
[9] Maumee v. Weisner, 87 Ohio St.3d at 303 (Sweeney, J., dissenting).
[10] Id. at 304.
[11] Maumee v. Weisner, 87 Ohio St.3d at 300, citing Alabamav. White, 496 U.S. at 329.
[12] See Adams v. Williams (1972), 407 U.S. 143, 146-147.